CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 02 2018

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| **DAVID MEYERS,** | ) | **Civil Action No. 7:18-cv-00458** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **U.S. DISTRICT COURT ROANOKE** | ) | |
| **DIVISION, et al.,** | ) | **By: Michael F. Urbanski** |
| **Defendants.** | ) | **Chief United States District Judge** |

David Meyers, a Virginia inmate proceeding pro se, commenced this civil action as a "petition for writ of mandamus," naming as defendants the "U.S. District Court Roanoke Division" and "Judicial Council and Circuit Executive." Plaintiff is dissatisfied with the rulings of this court in prior cases, and seeks a writ of mandamus, claiming that various judges of this court "are dismissing the cases out of racial hatred, and black penis envy toward [him]." Pet. Writ Mand. 2, ECF No. 1.

This action is dismissed as frivolous and malicious because it was commenced for the purpose of harassment and not for the purpose of vindicating a cognizable right with an arguable basis in law or fact. See, e.g., Neitzke v. Williams, 490 U.S. 319, 328 (1989). "Although some cases that deserve immediate dismissal will not always fit articulated standards, the trained jurist can many times see through a screen of technically recognized allegations to discover a warrantless action." Spencer v. Rhodes, 656 F. Supp. 458, 462 (E.D.N.C.), aff'd, 826 F.2d 1061 (4th Cir. 1987). "The claim . . . asserted could be one that was legally recognized, but from the face of that complaint, there [i]s no doubt that the plaintiff [i]s presenting the judiciary with nothing more than an opportunity to waste some time." Id. "[T]he judiciary, should not with precedent, tie our own hands to the extent that we make ourselves unable to keep pro se litigation in the federal courts from becoming a form of recreation for prison inmates." Id. at 463.

Moreover, the court declines to construe the petition as a civil rights action under <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971), as it fails to state a cognizable federal claim against the named defendants. To state a claim for relief under <u>Bivens</u>, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of law. <u>West v. Atkins</u>, 487 U.S. 42 (1988); <u>see Farmer v. Brennan</u>, 511 U.S. 825, 839-41 (1994) (indicating that case law involving § 1983 claims is applicable in <u>Bivens</u> actions and vice versa). Meyers' petition alleges no facts against or conduct committed by the named defendants. Further, the United States District Court is not a "person" subject to suit in a civil rights action, <u>Fixel v. United States</u>, 737 F. Supp. 593, 598 (D. Nev. 1990), and <u>Bivens</u> claims are not actionable against the United States, federal agencies, or public officials acting in their official capacities, <u>see FDIC v. Meyer</u>, 510 U.S. 471, 475, 484-86 (1994); <u>Reinbold v. Evers</u>, 187 F.3d 348, 355 n. 7 (4th Cir. 1999). Accordingly, Meyers' allegations fail to state a <u>Bivens</u> claim against the named defendants.

For the foregoing reasons, the action is dismissed as frivolous and malicious.

**ENTER:** This 2nd day of November, 2018.

/s/ Michael F. Urbanski

Chief United States District Judge

2